## IN RE ESTATE OF MARCUS JOHNSON.
## MARY A. JOHNSON v. HAROLD L. LUNDGREN AND ANOTHER.[1]

April 12, 1935.

No. 30,345.

*George R. Smith, Edward J. Callahan,* and *H. Stanley Hanson,* for appellant.

*Ueland & Ueland,* for respondent Charles B. Mills.

*G. A. Will,* for respondent Harold L. Lundgren.

PER CURIAM.

Mary A. Johnson and Charles B. Mills were appointed administrators with the will annexed of the estate of Marcus Johnson, deceased, and duly qualified. Mills resigned. June 11, 1934, the probate court, by order, removed Mary A. Johnson and appointed Harold L. Lundgren her successor. Mrs. Johnson appealed to the district court by due service of notice but gave no bond. The respondents moved to dismiss the appeal on the sole ground that the appellant did not execute and file an appeal bond. The motion was granted, and it appears that a judgment of dismissal was entered in the district court, from which this appeal is taken.

[1]Reported in 260 N. W. 295.

The order of the probate court was appealable under the provisions of 2 Mason Minn. St. 1927, § 8983. 2 Mason Minn. St. 1927, § 8985(2), provides:

"In case any person other than the representative appeals, he shall execute a bond  *  *  *."

The district court took the position that the order of the probate court effected the removal of Mrs. Johnson as administratrix and that if she took an appeal she must do so as an individual and give the bond required by statute. However, 2 Mason Minn. St. 1927, § 8987, provides:

"Such appeal shall suspend the operation of the order, judgment, or decree appealed from until the appeal is determined or the district court shall otherwise order.  *  *  *"

We think by the last cited provision the legislature intended that the operation of the order or judgment should be suspended as of its date unless otherwise ordered by the district court. Any other construction of this statute would result here in making Mr. Lundgren the administrator until Mrs. Johnson properly perfected an appeal, after which the order would be suspended and Mrs. Johnson again become administratrix. Such a result would be absurd, and we do not think the legislature so intended. Mrs. Johnson was removed as administratrix. As such she took an appeal. In our opinion her appeal as administratrix was properly taken without the giving of a bond.

The judgment appealed from is reversed.